IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RICHARD TYRONE SEALS (# 87408)            PLAINTIFF

v.            No. 4:10CV13-P-A

WARDEN DANNY SCOTT, ET AL.            DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Richard Tyrone Seals, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Seals claims that the defendants violated his right to due process when they wrongly found him guilty of a prison rule violation. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On June 7, 2009, Seals and fellow inmate Daniel Whitten (# 127301) got into a fight. Seals was standing at the bed when Whitten passed by and intentionally elbowed Seals in the chest. Seals then backhanded Whitten in the face. Seals was handcuffed, placed in segregation, and received a rule violation report for assault. Whitten did not receive a rule violation report because the elbow to Seals' chest did not leave a bruise, but Whitten had a bruise on his face from the back of Seals' hand.

**Discussion**

Seals admits that he struck Whitten in the face. According to the rule violation report (# 324361), Seals was punished for the violation by placement in isolation for one day and loss of all privileges for thirty days. These facts do not state a claim upon which relief could be granted.

First, Seals admits that he committed the infraction. Second, the punishment was not severe enough to trigger due process protections in the prison context. In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. While "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause[,] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted).

In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5[th]n Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to

disciplinary action failed to give rise to due process claim).

The plaintiff in the present case was confined to isolation for one day and lost all privileges for thirty days. This punishment falls "within the expected parameters of the sentence imposed by a court of law," and does not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 115 S. Ct. at 2301. As such, the plaintiff's allegations fail to state a claim upon which relief could be granted and will be dismissed with prejudice. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 23rd day of March, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE